# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE JAMES JONES, | 1:10-cv-01297-LJO-DLB (HC) |
|     Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
|     v. | |
| K. CLARK, Warden | [Doc. 1] |
|     Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation following his conviction of second degree murder. Petitioner is serving a sentence of fifteen-years to life.

In the instant petition, Petitioner does not challenge the validity of his conviction; rather, he challenges the Board of Parole Hearings (Board) March 26, 2009 decision finding him unsuitable for parole.

Petitioner filed a petition for writ of habeas corpus in the San Bernardino County Superior Court, challenging the Board's decision. The superior court denied the petition finding some evidence supported the Board's finding of unsuitability.

Petitioner filed similar petitions in the California Court of Appeal and California

Supreme Court.  Both courts summarily denied the petitions.

Petitioner filed the instant petition for writ of habeas corpus on July 21, 2010. Respondent filed an answer to the petition on November 8, 2010, and Petitioner filed a traverse on December 8, 2010.

## STATEMENT OF FACTS

On September 14, 1988, Petitioner and another individual were inside a Chief Auto Parts Store.  The victim, Robert Thomas, entered the store and told Petitioner to turn down his radio or play some decent music.  Mr. Thomas then left the store and Petitioner followed him.  Petitioner went to driver's door of his vehicle, retrieved a gun, and pointed it at Mr. Thomas.  Petitioner shot once at Mr. Thomas killing him instantly.  Petitioner then returned to vehicle and called to the other person who was inside the store.  The other person said he did not want anything to do with the shooting.  Petitioner then left in his vehicle and was seen throwing a beer out of the driver's window.  The entire incident was observed by different witnesses.

## DISCUSSION

I.    Standard of Review

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.  Lindh v. Murphy, 521 U.S. 320 (1997), *cert. denied,* 522 U.S. 1008 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

Petitioner is in custody of the California Department of Corrections and Rehabilitation pursuant to a state court judgment. Even though Petitioner is not challenging the underlying state court conviction, 28 U.S.C. § 2254 remains the exclusive vehicle for his habeas petition because he meets the threshold requirement of being in custody pursuant to a state court judgment. Sass v. California Board of Prison Terms, 461 F.3d 1123, 1126-1127 (9th Cir.2006), *citing* White v.

Case 1:10-cv-01297-LJO-DLB   Document 13   Filed 01/18/11   Page 3 of 10

Lambert, 370 F.3d 1002, 1006 (9th Cir.2004) ("Section 2254 'is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petition is not challenging [her] underlying state court conviction.'").

The instant petition is reviewed under the provisions of the Antiterrorism and Effective Death Penalty Act which became effective on April 24, 1996. Lockyer v. Andrade, 538 U.S. 63, 70 (2003). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); see Lockyer, 538 U.S. at 70-71;Williams, 529 U.S. at 413.

"[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

Petitioner has the burden of establishing that the decision of the state court is contrary to or involved an unreasonable application of United States Supreme Court precedent. Baylor v. Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable. See Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir.2003); Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir.1999).

II.   Review of Petition

There is no independent right to parole under the United States Constitution; rather, the right exists and is created by the substantive state law which defines the parole scheme. Hayward v. Marshall, 603 F.3d 546, 559, 561 (9th Cir. 2010) (en banc) (citing Bd. of Pardons v. Allen,

3

482 U.S. 369, 371 (1987); Pearson v. Muntz, 606 F.3d 606, 609 (9th Cir. 2010) (citing Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 162 L.Ed.2d 174 (2005)); Cooke v. Solis, 606 F.3d 1206, 1213 (9th Cir. 2010).  "[D]espite the necessarily subjective and predictive nature of the parole-release decision, state statutes may create liberty interests in parole release that are entitled to protection under the Due Process Clause." Bd. of Pardons v. Allen, 482 U.S. at 371.

In California, the Board of Parole Hearings' determination of whether an inmate is suitable for parole is controlled by the following regulations:

> (a) General. The panel shall first determine whether the life prisoner is suitable for release on parole. Regardless of the length of time served, a life prisoner shall be found unsuitable for a denied parole if in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison.
>
> (b) Information Considered. All relevant, reliable information available to the panel shall be considered in determining suitability for parole. Such information shall include the circumstances of the prisoner's social history; past and present mental state; past criminal history, including involvement in other criminal misconduct which is reliably documented; the base and other commitment offenses, including behavior before, during and after the crime; past and present attitude toward the crime; any conditions of treatment or control, including the use of special conditions under which the prisoner may safely be released to the community; and any other information which bears on the prisoner's suitability for release. Circumstances which taken alone may not firmly establish unsuitability for parole may contribute to a pattern which results in a finding of unsuitability.

Cal. Code Regs. tit. 15, §§ 2402(a) and (b).  Section 2402(c) sets forth circumstances tending to demonstrate unsuitability for release. "Circumstances tending to indicate unsuitability include:

> (1) Commitment Offense.  The prisoner committed the offense in an especially heinous, atrocious or cruel manner.  The factors to be considered include:
>
> (A) Multiple victims were attacked, injured or killed in the same or separate incidents.
> (B) The offense was carried out in a dispassionate and calculated manner, such as an execution-style murder.
> (C) The victim was abused, defiled or mutilated during or after the offense.
> (D) The offense was carried out in a manner which demonstrates an exceptionally callous disregard for human suffering.
> (E) The motive for the crime is inexplicable or very trivial in relation to the offense.
>
> (2) Previous Record of Violence.  The prisoner on previous occasions inflicted or attempted to inflict serious injury on a victim, particularly if the prisoner

demonstrated serious assaultive behavior at an early age.

(3) Unstable Social History. The prisoner has a history of unstable or tumultuous relationships with others.'

(4) Sadistic Sexual Offenses. The prisoner has previously sexually assaulted another in a manner calculated to inflict unusual pain or fear upon the victim.

(5) Psychological Factors. The prisoner has a lengthy history of severe mental problems related to the offense.

(6) Institutional Behavior. The prisoner has engaged in serious misconduct in prison or jail.

Cal. Code Regs. tit. 15, § 2402(c)(1)(A)-(E),(2)-(9).

Section 2402(d) sets forth the circumstances tending to show suitability which include:

(1) No Juvenile Record. The prisoner does not have a record of assaulting others as a juvenile or committing crimes with a potential of personal harm to victims.

(2) Stable Social History. The prisoner has experienced reasonably stable relationships with others.

(3) Signs of Remorse. The prisoner performed acts which tend to indicate the presence of remorse, such as attempting to repair the damage, seeking help for or relieving suffering of the victim, or indicating that he understands the nature and magnitude of the offense.

(4) Motivation for Crime. The prisoner committed his crime as a result of significant stress in his life, especially if the stress has built over a long period of time.

(5) Battered Woman Syndrome. At the time of the commission of the crime, the prisoner suffered from Battered Woman Syndrome, as defined in section 2000(b), and it appears the criminal behavior was the result of that victimization.

(6) Lack of Criminal History. The prisoner lacks any significant history of violent crime.

(7) Age. The prisoner's present age reduces the probability of recidivism.

(8) Understanding and Plans for Future. The prisoner has made realistic plans for release or has developed marketable skills that can be put to use upon release.

(9) Institutional Behavior. Institutional activities indicate an enhanced ability to function within the law upon release.

Cal. Code Regs. tit. 15, § 2402(d)(1)-(9).

The California parole scheme entitles the prisoner to a parole hearing and various procedural guarantees and rights before, at, and after the hearing. Cal. Penal Code § 3041.5. If denied parole, the prisoner is entitled to subsequent hearings at intervals set by statute. <u>Id</u>. In

5

addition, if the Board or Governor find the prisoner unsuitable for release, the prisoner is entitled to a written explanation. Cal. Penal Code §§ 3041.2, 3041.5. The denial of parole must also be supported by "some evidence," but review of the Board's or Governor's decision is extremely deferential. In re Rosenkrantz, 29 Cal.4th 616, 128 Cal.Rptr.3d 104, 59 P.3d 174, 210 (2002).

Because California's statutory parole scheme guarantees that prisoners will not be denied parole absent some evidence of present dangerousness, the Ninth Circuit Court of Appeals recently held California law creates a liberty interest in parole that may be enforced under the Due Process Clause. Hayward v. Marshall, 602 F.3d at 561-563; Pearson v. Muntz, 606 F.3d at 609. Therefore, under 28 U.S.C. § 2254, this Court's ultimate determination is whether the state court's application of the some evidence rule was unreasonable or was based on an unreasonable determination of the facts in light of the evidence. Hayward v. Marshall. 603 F.3d at 563; Pearson v. Muntz, 606 F.3d at 608.

The applicable California standard "is whether some evidence supports the *decision* of the Board or the Governor that the inmate constitutes a current threat to public safety, and not merely whether some evidence confirms the existence of certain factual findings." In re Lawrence, 44 Cal.4th 1181, 1212 (2008) (emphasis in original and citations omitted). As to the circumstances of the commitment offense, the Lawrence Court concluded that

> although the Board and the Governor may rely upon the aggravated circumstances of the commitment offense as a basis for a decision denying parole, the aggravated nature of the crime does not in and of itself provide some evidence of current dangerousness to the public unless the record also establishes that something in the prisoner's pre- or post-incarceration history, or his or her current demeanor and mental state, indicates that the implications regarding the prisoner's dangerousness that derive from his or her commission of the commitment offense remain probative to the statutory determination of a continuing threat to public safety.

Id. at 1214.

In addition, "the circumstances of the commitment offense (or any of the other factors related to unsuitability) establish unsuitability if, and only if, those circumstances are probative to the determination that a prisoner remains a danger to the public. It is not the existence or nonexistence of suitability or unsuitability factors that forms the crux of the parole decision; the

6

significant circumstance is how those factors interrelate to support a conclusion of current dangerousness to the public." In re Lawrence, 44 Cal.4th at 1212.

"In sum, a reviewing court must consider 'whether the identified facts are *probative* to the central issue of *current* dangerousness when considered in light of the full record before the Board or the Governor.'" Cooke v. Solis, 606 F.3d at 1214 (emphasis in original) (citing Hayward v. Marshall, 603 F.3d at 560).

A.   Last Reasoned Decision

The San Bernardino County Superior Court issued the last reasoned decision stating in pertinent part:

> As this court articulated above, the facts and circumstances of the life crime may be considered by the BPH in determining whether Petitioner remains a threat to society, in other words whether his release would pose an unreasonable risk to public safety. This court finds the consideration of the circumstances of Petitioner's life crime were not in violation of his due process rights.
>
> This court also finds it an appropriate consideration of the BPH panel that Petitioner had, prior to the life crime, been convicted of carrying a loaded or concealed firearm. Notwithstanding law enforcement and court intervention in Petitioner's life, persisted in conduct that was directly contributed to the perpetration of the life crime.
>
> This court agrees with Petitioner's position that opposition to his parole by the District Attorney is not evidence of unsuitability, but also recognizes that they have a right to argue against his release. The exercise of that right does not constitute a violation of Petitioner's due process.
>
> This court finds Petitioner's speech and conduct including demeanor before the BPHs is a legitimate factor for consideration in determining whether he currently constitutes an unreasonable risk if released.
>
> This court rejects Petitioner's argument that his due process rights have been violated because "NO RATIONAL PANELIST WHO REVIEWED THE EVIDENCE OF HIS CURRENT PAROLE SUITABILITY COULD HAVE FOUND A PREPONDERANCE OF UNREASONABLE RISK." (Page 34 Petitioner's Points and Authorities)
>
> A lack of suitability for parole is well within the possible rational conclusions a hearing body could conclude in this matter.
>
> Petitioner also fails in establishing a due process violation by suggesting the composition of the BPH panel is violative of the applicable statutes. His attached exhibit, a partial copy of California Lifer Newsletter does not support that contention, nor does any past law enforcement affiliation or city administrative experience of the panel's chair.
>
> As considered by the hearing panel, Petitioner has acquired a number of

CDC 115s and 128s. Some in each category are of relatively recent vintage. These rules violations or other misconduct are reasonably interpreted to signal that Petitioner may experience some difficulty in following the rules upon release and thereby are factors to consider in determining his risk to society if he were to be released.

The record herein certainly constitutes "some evidence" that Petitioner's release would constitute an unreasonable risk to the public.

This court finds the Petitioner has failed to make a prima facie showing that his rights have been violated. The requested relief is denied without formal hearing.

B.   March 26, 2009 Decision

The Board found Petitioner unsuitable for release based on the circumstances of the commitment offense, prior criminal history, unstable social history, institutional misconduct, and lack of remorse and minimization of the commitment offense.

The Board found the circumstances of the commitment offense was especially heinous, atrocious, and carried out in a manner similar to an execution-style murder. Petitioner shot and killed the victim at close range merely because he made a disparaging about his loud radio. Petitioner retreated to his vehicle, grabbed his loaded .44 Magnum and returned to shot Mr. Jones causing him to collapse. Petitioner continued to minimize the circumstances surrounding the offense by claiming that the victim attempted to grab the gun and that is why he shot. However, the witnesses testimony of the incident did not corroborate Petitioner's claim that the victim approached him. The Board was also concerned that Petitioner failed to demonstrate sincere remorse for the victim and the victim's family. Petitioner has never inquired about any of the personal details of the victim and did not appear interested in such information. The Board found it would be natural to inquire about the personal information of the victim in an attempt to demonstrate remorse for his actions.

Petitioner's criminal history began when he was a juvenile. He was convicted of possessing stolen property at the age of 15. In November of 1987, he was arrested for carrying a concealed shotgun in his vehicle. Petitioner had an unstable social history which consisted of juvenile thefts, physical fights in elementary school, a broken family, consumption of alcohol at the age of 14, and dropping out of high school. An unstable social history is one circumstance

which tends to support the finding of unsuitability. Cal. Code Regs., tit. 15, § 2402(c)(3).

Petitioner has received five serious rules violations (115s), the most recent on March 1, 2007, for possession of contraband. On January 29, 2006, he received a 115 for masturbation and indecent exposure. Both of these serious violations took place after the prior Board hearing, despite the prior panel's recommendation for Petitioner to remain disciplinary free. This was properly considered by the Board in determining whether Petitioner continues to remain an unreasonable risk to public safety if released. Cal. Code Regs., tit. 15, § 2402(c)(6)(one circumstance tending to demonstrate unsuitability is if "[t]he prisoner has engaged in serious misconduct in prison or jail.")

The Board commended Petitioner for his participation in self-help programming and vocational training, but found these factors did not outweigh the factors of unsuitability, and denied parole for a period of seven years. The superior court's determination that the circumstances of the commitment offense, prior criminal history, institutional misconduct, and lack of insight and remorse, continue to demonstrate that Petitioner remains an unreasonable risk to public safety is not an unreasonable application of the some evidence standard, nor an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d).

                         RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.   The instant petition for writ of habeas corpus be DENIED; and

2.   The Clerk of Court be directed to enter judgment in favor of Respondent.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that

1 | failure to file objections within the specified time may waive the right to appeal the District
2 | Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3 |    IT IS SO ORDERED.
4 | **Dated:   January 18, 2011**                              /s/ **Dennis L. Beck**
                                                  UNITED STATES MAGISTRATE JUDGE